**Charles C. COHN, Samuel L. Cohn and Samuel L. Cohn and Charles C. Cohn, a Partnership Doing Business As Colonial Alloys Company, Plaintiffs,**

v.

**The COMMISSIONER OF PATENTS, Defendant.**

**Civ. A. No. 201-64.**

United States District Court
District of Columbia.

June 22, 1965.

William A. Smith, Jr., Smith, Michael, Bradford & Gardiner, Washington, D. C., George A. Smith, and George J. Harding III, Busser, Smith & Harding, Philadelphia, Pa., for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial February 2, 1965. After reviewing the evidence presented, and considering the briefs the parties were accorded an opportunity to file, the Court has found for the defendant, and against the plaintiffs, and will order that the Complaint be dismissed.

In accordance with Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

## FINDINGS OF FACT

1. This is an action under Section 145 of Title 35 of the United States Code in which the plaintiffs, Charles C. Cohn, Samuel L. Cohn and Samuel L. Cohn and Charles C. Cohn, a partnership doing business as Colonial Alloys Company, sought to have the Court adjudge that they are entitled to receive a patent including claims 5, 18, 20, 21, 23, and 31 of the patent application of Charles C. Cohn, Serial No. 677,812, filed August 13, 1957, entitled "Chemical Smoothing and Brightening of Aluminum and its Alloys."

2. The application in suit relates to a method of chemically brightening aluminum and its alloys and a composition used in the method. The method comprises (1) carrying out the prior art brightening method of immersing an aluminum article to be treated in a bath containing phosphoric acid, nitric acid, and water, and (2) maintaining the bath for continued treatment by adding phosphoric acid, nitric acid, water, and sulfuric acid in specified ranges of propor-

tions. Inclusion of sulfuric acid in the replenishing solution is said to maintain in solution aluminum phosphate, which would otherwise accumulate and make the treatment bath unusable. The application states that, in ordinary usage, the life of the bath may be extended indefinitely, without the need for chemical analysis of the bath, by addition of the replenisher to keep the bath at constant volume.

3. A United States patent to Cochran, No. 2,650,157, discloses a brightening bath for aluminum comprising, on a weight basis referred to the total weight of phosphoric acid, nitric acid, and water, 68 to 85% phosphoric acid, 1 to 10% nitric acid, and 11 to 28% water. The patent states that sulfuric acid may be present in amounts by weight up to about one-half the total weight of phosphoric acid, nitric acid, and water.

4. A United States patent to Zelley, No. 2,638,410 discloses a composition for brightening nickel comprising 45 to 60% phosphoric acid, 15 to 25% sulfuric acid, 8 to 15% nitric acid, and 10 to 20% water. Zelley states that as components in the bath are volatilized or decomposed, the solution may be reconstituted by appropriate addition of components.

5. Replenishment of the brightening bath disclosed by the Cochran patent would be obvious in view of the Zelley patent and in view of plaintiffs' admission that such replenishment would normally be carried out. Replenishment of the sulfuric acid-containing bath disclosed by Cochran would involve the addition of sulfuric acid to the bath to replace the acid which had been expended.

6. Those skilled in the art would expect that nitric acid and water in the Cochran bath would be expended at a greater rate than phosphoric acid, and it would be obvious, therefore, to include, in a replenishing solution, nitric acid and water in larger proportions than phosphoric acid.

7. Maintaining a brightening bath at substantially constant volume would be obvious to those skilled in the art.

8. Compositions stated to be operative by plaintiff Charles C. Cohn in his application specification are anticipated by compositions disclosed in the Zelley patent.

9. Plaintiffs presented no evidence showing a critical difference between the disclosed compositions which are anticipated by the Zelley disclosure and those defined in claims 18, 20, and 21.

10. The differences between the subject matter of claims 5, 18, 20, 21, 23, and 31 of the application in suit and the prior art are such that the subject matter as a whole would have been obvious, at the time Charles C. Cohn devised his method and compositions, to a person having ordinary skill in the art of brightening aluminum.

## CONCLUSIONS OF LAW

1. Plaintiffs are not entitled to a patent containing any of claims 5, 18, 20, 21, 23, and 31 of the application for patent by Charles C. Cohn, Serial No. 677,812.

2. The Complaint should be dismissed.